Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT WARSHAWER and KIM WARSHAWER, a married couple; GLENN BUTLER, Shareholders' Agent for the former shareholders of Black Rock Cable, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> RICK TARNUTZER, an individual; NANCY TARNUTZER, an individual, <br><br> Defendants. | Case No. 2:14-cv-001042-RSM <br><br> DECLARATION OF ROBERT WARSHAWER IN SUPPORT OF THE WARSHAWERS' RESPONSE TO NANCY TARNUTZER'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

ROBERT WARSHAWER declares as follows:

1. I am over eighteen years of age and otherwise competent to testify. I make this declaration based on my own personal knowledge.

2. I purchased a small Bellingham-based fiber-optic company called Black Rock Cable, Inc. ("Black Rock") in 2003.

3. In 2003, Black Rock's business was based on building,

DECLARATION OF ROBERT WARSHAWER - 1

owning, and operating its own fiber-optic network in Bellingham, Washington. In 2004, Black Rock expanded its operations from Bellingham throughout Whatcom County, Washington. In 2005, Black Rock expanded its operations into Skagit County, Washington. In 2006, Black Rock expanded its operations into Snohomish County, Washington.

4. In September 2007, I loaned Black Rock $700,000. I raised the $700,000 by personally borrowing from family members, including $100,000 borrowed from my mother-in-law, Nancy Tarnutzer, on June 6, 2007 (the "June Check"). The June Check is attached as Exhibit A to this Declaration.

5. Although I borrowed the $100,000 from Nancy Tarnutzer, the loan arrived as a $100,000 check from a checking account owned jointly by Nancy Tarnutzer and Rick Tarnutzer, Nancy Tarnutzer's son. The check was payable to me personally, not to Black Rock.

6. The loan agreement dated September 28, 2007 (the "Loan Agreement") describes the interest and repayment terms for the June Check. The Loan Agreement does not refer to a $100,000 gift from Nancy Tarnutzer to her daughter in February 2007 (the "February Check"). The Loan Agreement is attached as Exhibit B to this Declaration.

7. From 2007 through 2012, Black Rock continued to operate successfully. In November 2012, the Black Rock shareholders approved a merger with WDH Black Rock, LLC, and the merger closed (the "Black Rock Merger").

DECLARATION OF ROBERT WARSHAWER - 2

SPENCER HALL & ASSOCIATES
1200 Fifth Ave., Suite 1414, Seattle, WA 98101  206.292.5900

8. In late 2012, my wife and I purchased a house that her mother had selected in a gated community. We bought the house in our names and made the house available to Ms. Tarnutzer for use as her residence. The purchase price was $1.95 million.

9. When Ms. Tarnutzer first moved into the house, she paid us rent in the same amount that she had been paying on her former residence, which was considerably more modest. With our consent, Ms. Tarnutzer stopped paying any rent after approximately nine months.

10. Kim and I also voluntarily have been paying more than $500 per month for Ms. Tarnutzer's utilities, gardener, cable and other bills related to the house.

11. Kim and I understood that making this house available to her mother for life rent-free would constitute repayment of the June Check.

12. Our intention was to provide Kim's mother with a home that could not be jeopardized by Rick Tarnutzer's financial exploitation of her.

13. A year after the Black Rock Merger, in November 2013, Rick Tarnutzer sent me a letter claiming that Ms. Tarnutzer's $100,000 loan to me was a personal investment by him in Black Rock. He asserted that his "investment" had made him an owner in Black Rock. He demanded that I write him a check and told me not to bring Ms. Tarnutzer or my wife into the discussion. A copy of that letter is attached as Exhibit C to this Declaration.

SPENCER HALL & ASSOCIATES
1200 Fifth Ave., Suite 1414, Seattle, WA 98101  206.292.5900

14. I subsequently told Ms. Tarnutzer that if she was not pleased with the arrangement to provide her with a home for life, Kim and I would pay her $375,000 on the $100,000 June Check, the same amount I paid my son on his $100,000 loan. Rick Tarnutzer rejected that offer and took the position that his mother had no say.

15. Attached as Exhibit D to this Declaration is a letter I received from Jim Keathley, counsel for Rick Tarnutzer, in May 2014. The letter is addressed to WaveDivision Holdings, LLC, the parent company of the entity that acquired Black Rock. The letter asserts that Rick Tarnutzer "had an ownership interest in Black Rock," and as a Black Rock "shareholder," was entitled to "at least $5 million" of the Black Rock Merger proceeds.

I declare under penalty of perjury of the laws of the United States that the above is true and correct.

DATED this 18th day of May, 2015.

Robert Warshawer

# EXHIBIT A



**U.S. Bank Confidential Communication**

Requested by: Kara Irvin
This check image contains confidential information. If you print this image, please store it in a secure place to avoid unauthorized usage of this information. Increased security awareness when discarding or destroying this document is recommended.

Item #1
Account No.: 11003340    Check No.:              Sequence No.: 003432070874
Amount: $100000.00        Routing No.: 12228742   Date: 06/08/2007

Front:



Back:

# EXHIBIT B

# Loan Agreement

Nancy Tarnutzer
509 Avenida Lorenzo
Newport Beach, CA 92660

September 28, 2007

Bob Warshawer
Black Rock Cable
1512 Fairview St.
Bellingham, WA 98229

- This document will serve as the loan agreement between Nancy Tarnutzer (lender) and Bob Warshawer (borrower).
- The loan amount is $100,000.
- Monies were loaned to Blackrock Cable on September 28, 2007. Future returns will be dependent on Company's performance, but will not be less than the initial borrowed amount plus 7.5% annual interest.
- Monies and interest are expected to be repaid upon sale of the company, and in no case greater than 12 years from the initial investment date of September 28, 2007.

*[signature]*

---
Bob Warshawer



**Rick Tarnutzer**
1806 Sandalwood Lane
Newport Beach, CA 92660
949-422-8907

classicyachts@roadrunner.com

November 5, 2013

Dear Bob,

I hope this letter finds you well. Over eleven months have now passed since the sale of *Black Rock Cable,* and I have never heard from you regarding the return of my investment in such. Not a single telephone call, note, letter, thank you, etc.

To refresh your memory, back in early June 2007, I invested $100,000.00 in *Black Rock*, with very specific written and verbal instructions to you with what that money was for, and how I left you to properly secure and structure a Founders and/or Preferred Stock position on our behalf. Something you absolutely agreed with upon our initial call after receiving the investment from me, and several times thereafter over the years.

You further provided a *Black Rock* Pro-Forma prepared by you and dated 9/07/10 for my records, over three years after such investment was made. This clearly indicating the investment entering the company in June 2007, and it's current position as of that date, leaving no reason for concern on my behalf. As you know, the $100,000.00 was not a gift, nor was it a loan, it was an investment in your company, and for the betterment of both our futures. I was there to be counted when you and your company desperately needed me with our investment, and it allowed you to continue on your positive path forward, for all. *As such*, please simply let me know when I can expect payment to me in distribution of our proportionate share of the sale proceeds, based upon my 2007 investment in *Black Rock*, plus the legal rate of interest since the sale closed, on my share of the investment proceeds, until paid.

Lastly, this investment was made by me and between you and I, and it's now time for you to be counted by returning such. Please keep it this way and do not bring Kim or Nancy into any discussion of such, as they had nothing to do with it. I look forward to hearing back from you and/or just receiving a check from you shortly Bob. I hope that you've enjoyed the last several months in your travels.

Thanks.

*RT*

Your "2007 Angel"





**KEATHLEY & KEATHLEY LLP**
ATTORNEYS
2030 MAIN STREET
SUITE 1040
IRVINE, CALIFORNIA 92614
TELEPHONE: (949) 640-0700
FACSIMILE: (949) 640-0714

May 27, 2014

<u>Via UPS</u>

Mr. Steven Weed
WaveDivision Holdings, LLC
401 Parkplace Center, Suite 500
Kirkland, WA 98033

<u>**ACTUAL NOTICE TO WAVEDIVISION HOLDINGS, LLC**</u>
<u>**NOT TO SPOILATE EVIDENCE**</u>

Re: <u>Rick Tarnutzer v. Robert Warshawer, et al.</u>
<u>Our File No.: 3026.03</u>

Dear Mr. Weed:

This office represents Mr. Rick Tarnutzer in connection with his claims against Mr. Robert Warshawer, Black Rock Cable, Inc. ("Black Rock"), and others.

We are informed and believe that WaveDivision Holdings, LLC ("Wave") purchased from Mr. Warshawer Black Rock for the sum of $50 million in or about November 2012. From June 2007 through the time of the sale and/or merger transaction, Mr. Tarnutzer had an ownership interest in Black Rock. We are further informed and believe that part of the purchase price was paid to benefit the shareholders of Black Rock, and that Wave's payment of a certain amount of the purchase price was deferred for a period of time. We are also informed and believe that Wave was provided with, among other things, a list by Mr. Warshawer of all shareholders of Black Rock. As a shareholder, Mr. Tarnutzer is a member of the class of those intended to be benefitted by the sale, so he is a third-party beneficiary of the Wave/Warshawer Black Rock agreement.

We also believe that Mr. Warshawer agreed to an installment buy-out of the $50 million from Wave with a recent distribution of $5 million being recently paid to him. This in addition to

1

what he received last year. If you would confirm as to whether or not additional distributions are due to him, it would be greatly appreciated.

It is our understanding that our client's status as a shareholder and/or his interest in Black Rock was not disclosed by Mr. Warshawer to Wave. As a consequence, our client has not received his share of the sale proceeds, nor did he receive any ownership dividends or distributions subsequent to his original investment.

According to our calculations, Mr. Tarnutzer is entitled to at least $5 million of the sales proceeds representing his interest in Black Rock. Although multiple written demands have been made upon Mr. Warshawer over the last six (6) months for more information concerning Black Rock's finances and the transaction with Wave, it has been, in essence, ignored. We request information from Wave as to all the amounts of the purchase price that has been paid to the Black Rock shareholders, as well as the current deferred amount of the acquisition/merger price so we know whether to include Wave in our lawsuit, as a constructive trustee of our client's proportionate share of the sale proceeds.

This letter shall serve as <u>actual notice</u> of the claim by Mr. Tarnutzer, and notice that no documents or electronic or non-electronic information should be destroyed at any time without a court order if said documents or information relate directly or indirectly to Mr. Warshawer, Black Rock or any entities owned by or associated with Mr. Warshawer.

It is also hereby demanded that the following potential evidence in the possession of Wave and its employees and representatives be preserved pursuant to California Code of Civil Procedure, Section 526(a)(3):

1. Computer hard drives
2. Network servers
3. DVR hard drives
4. Corporate minutes
5. Corporate documents
6. Documents and other evidence of stock ownership, insurance and stock certificates concerning Black Rock
7. Documents evidencing the merger/acquisition of Black Rock
8. Documents evidencing financial investors' and documents relating to loans and loan applications regarding Warshawer/Black Rock.
9. Investment contracts regarding Warshawer/Black Rock
10. Investor contracts regarding Warshawer/Black Rock
11. All bank records from all banks and all bank accounts that relate in any way, directly or indirectly, to Mr. Warshawer and/or Black Rock
12. All financial statements of Warshawer/Black Rock

13. All loan applications of Warshawer/Black Rock
14. All corporate prospectuses and biographies of Mr. Warshawer
15. Correspondence with Warshawer/Black Rock
16. Licenses and patents of Warshawer/Black Rock

This demand is made pursuant to C.C.P. § 2023.010, et seq. and Cedars–Sinai Medical Center vs. Superior Court (1998) 18 Cal.4th 1, 12.

While we do not anticipate any issues with Wave honoring our demand, please be aware of the harsh penalties for tampering with, spoliating or destroying evidence, pursuant to California law, including C.C.P. § 2023.010, et seq. Even passively allowing evidence to be destroyed could result in penalties. We request that you take swift action to preserve all evidence. The Cedars-Sinai case warns persons asked to preserve evidence as follows:

"The sanctions under Code of Civil Procedure § 2023 are potent. They include monetary sanctions, contempt sanctions, issue sanctions ordering that designated facts be taken as established or precluding the offending party from supporting or opposing designated claims or defenses, evidence sanctions prohibiting the offending party from introducing designated matters into evidence, and terminating sanctions that include striking part or all of the pleadings, dismissing part or all of the action, or granting a default judgment against the offending party." (Cedars-Sinai at 517).

Preservation of all of the records is critical because of the substantial amount due and owing to Mr. Tarnutzer (at least $5 million), but also because said sum is accruing interest at a rate of 7% per year since December 2012.

Wave now has actual notice of the claim affecting the claims arising in connection with the acquisition and/or merger of Black Rock. The duties that apply to such notice must be followed by Wave and its representatives and employees.

If you have any questions and/or wish to discuss this letter, please do not hesitate to contact me.

Very truly yours,

H. James Keathley

HJK/st
cc: Mr. Robert Warshawer