UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT WARSHAWER and KIM WARSHAWER, a married couple; GLENN BUTLER, Shareholder's Agent or the former shareholders of Black Rock Cable, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> RICK TARNUTZER, an individual; NANCY TARNUTZER, and individual, <br><br> Defendants. | CASE NO. C14-1042 RSM <br><br> ORDER DENYING NANCY TARNUTZER'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I.  INTRODUCTION

This matter comes before the Court on Defendant Nancy Tarnutzer's Motion for Partial Summary Judgment on Contract Claim. Dkt. #41. Defendant argues that a check she wrote to Plaintiff Kim Warshawer (her daughter) on February 28, 2007, for $100,000, was a loan that has not been repaid, and therefore she is entitled to judgment as a matter of law that she is entitled to repayment plus interest in the total amount of $375,000. *Id.* Plaintiff opposes the motion, arguing that genuine disputes of material fact preclude summary judgment.[1] Dkt. #51. For the reasons set forth below, the Court agrees with Plaintiff and DENIES Ms. Tarnutzer's motion for summary judgment.

---

[1] Plaintiff Glenn Butler, who represents Black Rock Cable shareholders in this action, takes no position on this motion as it does not appear to affect the shareholders. Dkt. #50.

ORDER
PAGE - 1

## II.  BACKGROUND

This case arises from the sale of Black Rock Cable ("Black Rock") and questions surrounding whether certain payments from Defendants to Plaintiffs prior to the sale were loans, gifts or investments into Black Rock. Dkt. #1. According to Defendants, in May or June of 2007, Plaintiff Kim Warshawer (who is Defendant Nancy Tarnutzer's daughter and Defendant Rick Tarnutzer's sister) was visiting in California and revealed to Mr. Tarnutzer that her and her husband Robert Warshawer's business, Black Rock, was in serious financial trouble. Dkt. #6 at ¶ ¶ 2-3. Mr. Tarnutzer, believing that his sister's husband would be successful in turning the business around, decided to invest in Black Rock. *Id.* at ¶ 4-5. Accordingly, he sent a check to Plaintiffs in the amount of $100,000, marking the check with the notation "Black Rock Cable Inv." *Id.* at 5-6 and Ex. A. Mr. Tarnutzer asserts that the notation "Inv." reflected the word "investment." He further asserts that he provided a note with the check stating that it was an investment. *Id.* at ¶ 6. Plaintiff subsequently cashed the check. Plaintiffs characterize the payment as a loan that they have attempted to repay, asserting that Mr. Tarnutzer never invested in Black Rock.[2] Dkt. #10 at ¶ 4.

Earlier in 2007, Ms. Tarnutzer had also apparently provided a check to Kim Warshawer in the amount of $100,000. Dkt. #42 at ¶ 5 and Ex. A. The record is not clear about what this payment was for. Ms. Tarnutzer characterizes the payment as a loan. *Id.* The Warshawers characterize the money as a gift "which has nothing to do with this lawsuit." Dkts. #8 at 3, fn. 1, #9 at ¶ 4, and #53 at ¶ 4. Ms. Tarnutzer now asserts that the loan has never been repaid. Dkt. #42 at ¶ 8.

---

[2] Plaintiffs assert that the payment made by Mr. Tarnutzer was in fact a loan from Nancy Tarnutzer, as evidenced by the fact that it was drawn on the joint account of Rick and Nancy Tarnutzer. Plaintiffs assert that they bought a $1.95 million house in California in which they promised Ms. Tarnutzer she could live for the remainder of her life, rent free, as repayment of the loan. Dkt. #10 at ¶ 6.

ORDER
PAGE - 2

In November of 2012, Plaintiffs sold Black Rock to Wavedivision for an alleged $50 million. Dkt. #4 at 3. Soon after learning of the sale, Mr. Tarnutzer attempted to obtain a return on his $100,000 "investment," alleging that he was owed approximately $5 million. Dkts. #13 and #18, Ex. G. When his efforts to collect the money were unsuccessful, his attorney wrote a letter to Wavedivision providing notice of the dispute. Dkt. #18, Ex. G. Wavedivision has since held more than $3 million in escrow from distribution to Black Rock pending resolution of the dispute. Dkt. #10 at ¶ 9.

On June 6, 2014, Mr. Tarnutzer filed a lawsuit against the Warshawers, Black Rock Cable and Wavedivision in Orange County Superior Court in California. Dkt. #5, Ex. B. The same day, Robert Warshawer filed the instant lawsuit in Washington, in Whatcom County Superior Court, against Rick Tarnutzer and Nancy Tarnutzer. Dkt. #5, Ex. C. The case was subsequently removed to this Court. Dkt. #1. Defendants then moved for a transfer to the Central District of California for consolidation with their "first-filed" case. Dkt. #4. This Court deferred the motion to transfer, and stayed this case pending further proceedings in California. Dkt. #8.

On November 10, 2014, the parties notified the Court that the California action had been dismissed, and asked the Court to lift the stay and allow the matter to proceed. Dkt. #21. The Court did so on November 25, 2014. Dkt. #25. The instant motion eventually followed.

### III. DISCUSSION

**A. Standard of Review**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on

ORDER
PAGE - 3

summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).  Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994).  However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

**B.  Defendant's Contract Claim**

Defendant Nancy Tarnutzer now moves for partial summary judgment on her Counterclaim for Breach of Contract. Dkts. #41 and #37 at ¶¶ 61-67.  Ms. Tarnutzer requests judgment in the amount of $375,000, which is the same amount paid to another family member on a $100,000 loan, plus interest at 12 % per annum from December 2012, when the other family member's loan was repaid. Dkt. #41 at 1-2.  In order to reach such judgment, Ms. Tarnutzer asks the Court to determine as a matter of law that a check she wrote to her daughter in February of 2007 was a loan and not a gift.  The Court cannot do so on this record.

The breach of contract claim between Counter-Plaintiff Nancy Tarnutzer and her daughter Counter-Defendant Kim Warshawer relies on the resolution of a factual question: whether the money at issue constituted a loan or a gift.  That question and the facts necessary to

resolve the question are heavily disputed. In support of her motion, Ms. Tarnutzer relies almost exclusively on her own Declaration, wherein she asserts the money was a loan. There are no documents in the record that make the question any clearer. In response, Ms. Warshawer submits her own Declaration asserting the money was a gift. *See* Dkts. #42 and #53. This is exactly the type of question which requires the finder of fact to determine the credibility of the witnesses and make factual determinations about what oral conversations may or may not have occurred, and what the intent of the parties may have been at the time. These factual questions must be determined at trial, and are not appropriate for summary judgment.

As noted above, the Court must look at the facts in the light most favorable to the non-moving party, and it will not grant summary judgment unless the moving party has demonstrated there is no genuine dispute as to any material fact. Ms. Tarnutzer has not met that burden. Accordingly, the motion will be denied.

**C. Ms. Tarnutzer's Motion to Strike**

Ms. Tarnutzer asks the Court to strike the Declaration of Robert Warshawer which was filed in support of Counter-Defendants' (Plaintiffs') response to the summary judgment motion. Dkt. #55 at 5. Because the Court does not rely on that Declaration in reaching its decision, the motion to strike will be denied as moot.

///

///

///

**IV.   CONCLUSION**

ORDER
PAGE - 5

1
2
3   Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS that Counter-Plaintiff (Defendant) Nancy Tarnutzer's Motion for Partial Summary Judgment (Dkt. #41) is DENIED.

DATED this 9 day of June, 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 6