The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT WARSHAWER and KIM WARSHAWER, a married couple; and GLENN BUTLER, Shareholders' Agent for the former shareholders of Black Rock Cable, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> RICK TARNUTZER, an individual; and, NANCY TARNUTZER, an individual, <br><br> Defendants. | Cause No.: 14-1042 <br><br> ANSWER TO AMENDED COMPLAINT, AND AMENDED COUNTERCLAIMS |

## ANSWER

COME NOW Defendants Rick Tarnutzer and Nancy Tarnutzer, son and mother, and answer the Amended Complaint dated June 18, 2014, originally filed in Whatcom County Superior Court. We respond below to the allegations by reference to the paragraph numbers in the Amended Complaint. The Tarnutzers file this pleading in compliance with the order of July 20, 2015. Doc. #69.

1. Admit.

2. Deny.

3. Admit that Ms. Tarnutzer loaned Warshawers an amount of $100,000, but not as Warshawers allege.

ANSWER TO AMENDED COMPLAINT, AND AMENDED COUNTERCLAIMS - 1 of 16

1    4.  Admit that Mr. Tarnutzer claims that he is owed money for an investment he
2        made in Black Rock, and that he is a resident of Orange County, California.
3    5.  Admit, which is the surviving entity after the merger with Black Rock.
4    6.  Admit, without waiver of arguments previously made concerning the priority
5        of action rule.
6    7.  Venue is proper.
7    8.  Deny.
8    9.  Deny.
9    10. Admit that there was a merger, which Warshawer did not disclose to Mr. Tar-
10       nutzer.
11   11. We cannot admit or deny.
12   12. Admit that Mr. Tarnutzer's lawyer sent a letter dated May 27, 2014 to Wave-
13       division.
14   13. Deny.
15   14. We cannot admit or deny.
16   15. No response needed.
17   16-23. Deny, except to the extent that Ms. Tarnutzer claims entitlement of repay-
18         ment of the $100,000 loan, and that Mr. Tarnutzer is entitled to the value of
19         his investment in founders stock in Black Rock.
20   24-27. Deny.

## **COUNTERCLAIMS**

As Counterclaims against Plaintiffs, Mr. and Ms. Tarnutzer allege:

1. Rick Tarnutzer and Nancy Tarnutzer ("Mr. Tarnutzer" or "Ms. Tarnutzer" or "Tarnutzers") are residents of Orange County, California.

2. Robert Warshawer and Kimberly Warshawer (sometimes collectively referred to as "Warshawers") are husband and wife and are residents of the State of Washington.

ANSWER TO AMENDED COMPLAINT, AND AMENDED COUNTERCLAIMS - 2 OF 16

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

Plaintiff Kimberly Warshawer is the sister of Defendant Mr. Tarnutzer and the daughter of Ms. Tarnutzer.

3. Mr. Warshawer was the agent or employee of Black Rock at all relevant times and was acting within the scope of that employment or agency in engaging in the acts or omission alleged.

4. In or around 2003, Robert Warshawer and/or Kimberly Warshawer purchased Black Rock, at which time they became its shareholders.

5. In early 2007, Black Rock was struggling financially. At that period of time, the Warshawers operated Black Rock out of their residence. Black Rock had 7–14 employees at that time, and Black Rock could not make payroll, nor continue with any further expansion.

6. In early 2007, in Orange County, California, Kimberly Warshawer, on behalf of herself, Robert Warshawer and Black Rock, indirectly approached Mr. Tarnutzer in person and told him and others that: (1) Black Rock needed working capital and that without it Black Rock's then lender was going to call the loans that the Warshawers and Black Rock had taken out, and (2) that without those loans and additional future capital, Black Rock was not a viable entity, and was possibly going to have to go out of business. The Warshawers told Mr. Tarnutzer that they had personally guaranteed the loans to Black Rock.

7. Therefore, on June 7, 2007, Mr. Tarnutzer tendered via Federal Express check no. 110 in the amount of $100,000 to Robert Warshawer and Kimberly Warshawer, as trustees and fiduciaries, for Mr. Tarnutzer's purchase of an ownership interest in Black Rock. A true and correct redacted copy of the $100,000 investment check is attached hereto as **Exhibit A**. Mr. Tarnutzer's $100,000 investment was not a loan. His $100,000 investment check was accepted by the Warshawers, as trustees, for his investment in Black Rock. Prior to delivering his check to the Warshawers, Mr. Tarnutzer made a handwritten

ANSWER TO AMENDED COMPLAINT, AND AMENDED COUNTERCLAIMS - 3 OF 16

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

notation on the bottom left corner in the memo area of the check which states "Black Rock Cable Inv." The "Inv." stands for investment. Mr. Tarnutzer also included a note stating that the $100,000 was an investment in Black Rock.

8. At the time of Mr. Tarnutzer's investment, he was unaware of the existence of and/or identities of any other shareholders, if any, other than himself and Robert Warshawer and/or Kimberly Warshawer. Robert Warshawer and Kimberly Warshawer never advised Mr. Tarnutzer that there were other shareholders.

9. After receipt of the $100,000 investment check in June 2007, Robert Warshawer telephonically contacted Mr. Tarnutzer and thanked him for the investment. During this telephone conversation Mr. Tarnutzer and Robert Warshawer, on behalf of himself, his wife and Black Rock, discussed and agreed that Mr. Tarnutzer's investment would have the status of a founders/preferred stock position so that his investment would be "on par" with the Warshawers' shares, and would not be diluted.

10. Mr. Tarnutzer's $100,000 investment represented a substantial interest in Black Rock, based on the Warshawers' representations.

11. Mr. Tarnutzer's $100,000 investment in Black Rock was used for working capital of Black Rock from June 2007 and thereafter.

12. Subsequent to Mr. Tarnutzer's investment, Mr. Tarnutzer was unaware of the identities of any other shareholders, if any, other than himself and Robert Warshawer and/or Kimberly Warshawer.

13. After Mr. Tarnutzer's $100,000 investment in Black Rock, and as a result of that investment, the financial situation of Black Rock improved dramatically from 2007-2012. But for his investment in Black Rock, Black Rock risked insolvency in 2007.

14. At all times after his investment, Mr. Tarnutzer believed he had a substantial ownership interest in Black Rock. Although he never received a physical share certificate for his investment, he was never concerned about that fact because the investment was in

ANSWER TO AMENDED COMPLAINT, AND AMENDED COUNTERCLAIMS - 4 OF 16

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

his sister and brother-in-law's company, and because he had received a written accounting in 2010 prepared by Robert Warshawer himself, and oral updates as to the performance of Black Rock.

15. Neither the Warshawers nor Black Rock ever advised Mr. Tarnutzer that he was not considered to be a shareholder of Black Rock on the terms stated, or otherwise.

16. Unbeknownst to Mr. Tarnutzer and without discussing it with Mr. Tarnutzer, in late 2012, Robert Warshawer, Kimberly Warshawer and/or Black Rock entered into a written agreement with OH WDH to merge with Black Rock.

17. OH WDH agreed to pay to Robert Warshawer the sum of Fifty Million Dollars ($50,000,000) for 100% of Black Rock.

18. The merger of Black Rock into WDH Black Rock, LLC or WDH HOLDCO, LLC closed escrow in or about November 2012. A portion of the purchase price ($3,000,000) was deferred and retained by OH WDH HOLDCO LLC or WDH Black Rock, Inc. until a future date and/or event.

19. Mr. Tarnutzer understood that he was a Black Rock shareholder, and as such was a member of the class to be benefitted by the merger of Black Rock into WDH Black Rock, LLC, or OH WDH HOLDCO LLC and a beneficiary under the Warshawers' Black Rock/OH WDH agreement.

20. Despite the substantial ownership interest in Black Rock represented to Mr. Tarnutzer by the Warshawers, Mr. Tarnutzer did not receive advance notice of the merger of Black Rock. Likewise, Mr. Tarnutzer did not receive any portion of the $50,000,000 sales proceeds derived by Warshawers from the sale of Mr. Tarnutzer's substantial interest in Black Rock.

**FIRST CAUSE OF ACTION— ACTUAL FRAUDULENT TRANSFER AGAINST WARSHAWERS**

ANSWER TO AMENDED COMPLAINT, AND AMENDED COUNTERCLAIMS - 5 OF 16

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

21. Mr. Tarnutzer realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 20 of the general allegations, as if fully set forth herein.

22. Mr. Tarnutzer is a creditor of the Warshawers.

23. In or about November 2012, the Warshawers were paid monies that belonged to Mr. Tarnutzer based on Warshawers' representation to Mr. Tarnutzer that he had an ownership interest in Black Rock. Warshawers subsequently spent or otherwise used for their own account, transferred to others, and/or incurred obligations which were fraudulent as to Mr. Tarnutzer.

24. Subsequent to the conversion by Warshawers of Mr. Tarnutzer's represented share of the merger proceeds, Warshawers fraudulently conveyed all or some of the merger proceeds due and owing Mr. Tarnutzer to unknown third persons, with actual intent to hinder, delay, or defraud Mr. Tarnutzer.

25. Warshawers refuse to disclose to Mr. Tarnutzer where they have transferred Mr. Tarnutzer's funds, identify the transferees, and to account for the same, although demand therefor has been made.

26. Warshawers have made the transfers alleged herein with actual intent to hinder, delay, or defraud their creditor: Mr. Tarnutzer. Warshawers accepted the transfer of Mr. Tarnutzer's money with the intent to hinder, delay and/or defraud them.

27. No part of the merger proceeds of Black Rock has been paid to Mr. Tarnutzer by Warshawers although several demands therefor have been made.

28. As a proximate and legal result of Plaintiffs' conduct, Mr. Tarnutzer has been damaged in an amount according to proof at time of trial, but at least $5 million, plus prejudgment interest.

29. The Warshawers' fraudulent transfer of funds and refusal to pay were oppres-

ANSWER TO AMENDED COMPLAINT, AND AMENDED COUNTERCLAIMS - 6 OF 16

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

sive, fraudulent and malicious, subjecting the Warshawers to punitive or exemplary damages in favor of the Mr. Tarnutzer according to California law in an amount according to proof at time of trial.

30. In addition, Mr. Tarnutzer alleges that Warshawers' conduct is a violation of California Penal Code, Section 496(a)(c), thereby entitling Mr. Tarnutzer to treble damages, attorneys' fees and costs.

## SECOND CAUSE OF ACTION—CONSTRUCTIVE FRAUDULENT TRANSFER AGAINST WARSHAWERS

31. Mr. Tarnutzer incorporates herein by reference the allegations set forth in Paragraphs 1 through 20 of the general allegations and Paragraphs 21 through 30 of the first cause of action, as if fully set forth here.

32. Mr. Tarnutzer's proportionate share of the merger proceeds was constructively fraudulently transferred to third parties because Warshawers did not receive reasonably equivalent consideration and either were engaged or about to engage in a business or a transaction for which the remaining assets of Warshawers were unreasonably small in relation to the business or transaction; or intended to incur, or believed or reasonably should have believed that it/he would incur, debts beyond it/his ability to pay as they became due.

33. After November 2012, Warshawers accepted the transfer of the merger proceeds without paying a reasonably equivalent value in exchange for the transfer.

34. Mr. Tarnutzer has been harmed by these transfers and the Warshawers conduct was a substantial factor in causing this harm.

35. Warshawers' constructive fraudulent transfer of funds was oppressive, fraudulent and malicious, subjecting Warshawers to punitive or exemplary damages in favor of Mr. Tarnutzer according to California law in an amount according to proof at time of trial.

36. In addition, Mr. Tarnutzer alleges that Warshawers' conduct is a violation of California Penal Code, Section 496(a)(c), thereby entitling Mr. Tarnutzer to treble

ANSWER TO AMENDED COMPLAINT, AND AMENDED COUNTERCLAIMS - 7 OF 16

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

damages, attorneys' fees and costs.

## THIRD CAUSE OF ACTION—BREACH OF FIDUCIARY DUTY-AGAINST WARSHAWERS

37. Mr. Tarnutzer incorporates herein by reference the allegations set forth in Paragraphs 1 through 20 of the general allegations and Paragraphs 21 through 30 of the first cause of action, and Paragraphs 31 through 36 of the second cause of action, as if fully set forth here.

38. The Warshawers owed Mr. Tarnutzer a fiduciary duty of utmost good faith, fair dealing and honesty, not to transfer or allow the transfer of money from the Black Rock merger proceeds to themselves or others, when a share of such proceeds were owed to Mr. Tarnutzer based on representations made by the Warshawers to Mr. Tarnutzer that he was a shareholder in Black Rock with a position on par with their own.

39. Warshawers negligently or intentionally breached that fiduciary duty by knowingly transferring, participating in the transfer and/or authorizing the transfer of Mr. Tarnutzer's sale/merger proceeds from Black Rock, to themselves and/or others.

40. As a direct and proximate result of the breach of fiduciary duty by Warshawers, Mr. Tarnutzer has been damaged in an amount according to proof at time of trial, but at least $5 million, plus prejudgment interest.

41. Warshawers' breach of fiduciary duty was oppressive, fraudulent, and malicious, subjecting Warshawers to punitive or exemplary damages in favor of Mr. Tarnutzer according to California law in an amount according to proof at time of trial.

42. In addition, Mr. Tarnutzer alleges that Warshawers' conduct is a violation of California Penal Code, Section 496(a)(c), thereby entitling Mr. Tarnutzer to treble damages, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION—CONSTRUCTIVE TRUST AGAINST WARSHAWERS

ANSWER TO AMENDED COMPLAINT, AND AMENDED COUNTERCLAIMS - 8 OF 16

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

43. Mr. Tarnutzer incorporates herein by reference the allegations set forth in Paragraphs 1 through 20 of the general allegations and Paragraphs 21 through 30 of the first cause of action, Paragraphs 31 through 36 of the second cause of action, and Paragraphs 37 through 42 of the third cause of action, as if fully set forth here.

44. Mr. Tarnutzer is entitled to relief in the form of a constructive trust imposed on Mr. Tarnutzer's portion of the Black Rock merger proceeds transferred to and received by Warshawers for the benefit of Mr. Tarnutzer.

## FIFTH CAUSE OF ACTION—FOR BREACH OF CONTRACT AGAINST WARSHAWERS

45. Ms. Tarnutzer realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 20 of the general allegations, as if fully set forth herein.

46. Ms. Tarnutzer was 68 years old as of July 24, 2007, and since that time has been an elder pursuant to California Elder Abuse and Dependent Adult Civil Protection Act (Welfare and Institution Code, Section 15600, *et seq.*)

47. On or about February 24, 2007, Ms. Tarnutzer lent to Kimberly Tarnutzer Warshawer, her daughter and the wife of Robert Warshawer, the sum of $100,000.00, check no. 2374, a copy of which is attached hereto as Exhibit "B" and incorporated herein, for the use and benefit of the Warshawers in order to assist their business Black Rock. Warshawers allege the Loan is memorialized in a document dated September 28, 2007, entitled "Loan Agreement" ("Agreement") a copy of which is attached hereto as Exhibit "C" and incorporated as though fully set forth herein. Ms. Tarnutzer was not given a copy of the Agreement, nor was she told of the existence of the Agreement.  Ms. Tarnutzer was first made aware of the Agreement when the Warshawers sued her in mid-2014.

48. Ms. Tarnutzer does not concede that the terms of the Agreement are accurate. Ms. Tarnutzer alleges she did not agree that the Loan could be paid 12 years after

ANSWER TO AMENDED COMPLAINT, AND AMENDED COUNTERCLAIMS - 9 OF 16

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

the Loan was made (when she would be 80 years old), or that the Warshawers could unilaterally choose when the Loan was to be paid back. Ms. Tarnutzer alleges that one of the terms of the Agreement provided that the Loan was to be repaid upon the sale of Black Rock. In addition, the Warshawers on June 6, 2014, filed an amended complaint in which they allege at Page 3, Paragraph 9, lines 6-8, that the Loan was "'expected to be repaid' upon the earlier of (i) the sale of Black Rock..."

49. Ms. Tarnutzer alleges that on November 30, 2012, Black Rock was sold. Ms. Tarnutzer further alleges that Warshawers did not repay the Loan, as promised, and the Warshawers refuse and continue to refuse to repay the Loan, thereby constituting a breach of the Agreement, as stated above.

50. Ms. Tarnutzer alleges that as a result of Warshawers' breach of the Agreement, Ms. Tarnutzer has suffered damages in the amount of the principal, accrued, but unpaid interest, the loss of the use of the money, and such other damages in an amount according to proof at time of trial.

51. In addition, Ms. Tarnutzer alleges that Warshawers' conduct is a violation of California Penal Code, Section 496(a)(c), thereby entitling Ms. Tarnutzer to treble damages, attorneys' fees and costs.

**SIXTH CAUSE OF ACTION—FINANCIAL ELDER ABUSE AGAINST WARSHAWERS (Welf. & Inst. Code, § 15600, *et seq.*)**

52. Ms. Tarnutzer realleges and incorporates by reference the allegations of paragraphs 1 through 20, inclusive of the general allegations and paragraphs 45 through 51 inclusive of the Sixth Cause of Action, as though fully set forth herein.

53. Ms. Tarnutzer alleges that the Warshawers violated the California Elder Abuse and Dependent Adult Civil Protection Act (Welfare and Institution Code, Section 15600, *et seq.*) by taking financial advantage of Ms. Tarnutzer. Ms. Tarnutzer further alleges that the Warshawers committed Financial Elder Abuse pursuant to (Welfare and

ANSWER TO AMENDED COMPLAINT, AND AMENDED COUNTERCLAIMS - 10 OF 16

THE SULLIVAN LAW FIRM
K.SULLIVAN@SULLIVANLAWFIRM.ORG
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
206.903.0504

1 Institution Code, Section 15610.30) by taking, secreting, appropriating, and retaining Ms.
2 Tarnutzer's Loan and interest, without good cause, with the wrongful intent to keep Ms.
3 Tarnutzer's money and not pay the Loan back.  In addition, the Warshawers assisted,
4 aided and abetted each other in taking, secreting, appropriating, and retaining Ms.
5 Tarnutzer's Loan and interest, without good cause, with the wrongful intent to keep Ms.
6 Tarnutzer's money and not pay the Loan back.  The Warshawers knew that, given the age
7 of Ms. Tarnutzer, and her health problems, that their wrongful retention, secreting,
8 appropriating, and taking of Ms. Tarnutzer's money would likely be harmful to Ms.
9 Tarnutzer by causing Ms. Tarnutzer financial and mental distress.  Ms. Tarnutzer alleges
10 that the Warshawers' conduct in not repaying the Loan is and was in bad faith in that the
11 Warshawers knew or should have known that Ms. Tarnutzer had a right to the repayment
12 of the Loan upon the sale of Black Rock and every day since then.

13     54.    Ms. Tarnutzer further alleges that the Warshawers committed Financial Elder Abuse (a) in the manner in which the Warshawers prepared the Agreement, the terms of which took advantage of Ms. Tarnutzer as it did not reflect an arms' length promissory note; (b) in failing to give Ms. Tarnutzer or her attorney a copy of the Agreement, or advise her or her attorney of its existence, until 2014.  Instead, the Warshawers scratched out a "bare bones" document that left Ms. Tarnutzer financially and legally exposed and vulnerable. The Agreement prepared by Warshawers contains a 7.5% interest rate. The Warshawers also prepared a promissory note for Mr. Warshawer's son who lent the Warshawers' $100,000 ("Son's Note") in May 2007, a copy of which is attached hereto as Exhibit "D" and is incorporated herein. The Son's Note had a 10% interest rate. The Son's Note was for 5 years. The Son's Note had default and penalty provisions. Ms. Tarnutzer's Agreement did not have these provisions. The Son's Note had an attorneys' fees and costs provision. Ms. Tarnutzer's Agreement did not. The Son's Note provided for an anti-waiver provision. Ms.

ANSWER TO AMENDED COMPLAINT, AND AMENDED COUNTERCLAIMS - 11 OF 16

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

Tarnutzer's Agreement did not. The Son's Note was actually given to him on or about May 1, 2007.

55. Ms. Tarnutzer further alleges that the Warshawers did not give the Agreement to Ms. Tarnutzer or her attorney because they knew they would not have agreed to all of the terms.

56. As a result of the Warshawers' conduct as alleged herein, Ms. Tarnutzer has suffered the loss of her money, the loss of use of the money, interest and other damages in an amount according to proof at time of trial.

57. Ms. Tarnutzer alleges that the Warshawers' conduct was and is reckless, malicious, callous, willful, intentional, purposeful, oppressive, despicable and deliberately in disregard of Ms. Tarnutzer's rights, thereby entitling Ms. Tarnutzer to an award of punitive damages according to California law against the Warshawers.

58. In addition, Ms. Tarnutzer has suffered and is seeking mental distress and pain and suffering damages from the Warshawers pursuant to California Welfare and Institutions Code, Section 15657.5.

59. Ms. Tarnutzer is further seeking and alleges she is entitled to an award of her attorneys' fees and costs pursuant to California Welfare and Institutions Code, Section 15657.5 against the Warshawers.

60. In addition, Ms. Tarnutzer alleges that Warshawers' conduct is a violation of California Penal Code, Section 496(a)(c), thereby entitling Ms. Tarnutzer to treble damages, attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION—FOR CONVERSION AGAINST WARSHAWERS**

61. Ms. Tarnutzer realleges and incorporates by reference the allegations of paragraphs 1 through 20, inclusive of the general allegations and paragraphs 45 through 51 inclusive of the Sixth Cause of Action and paragraphs 52 through 60 of the Seventh Cause of Action as though fully set forth herein.

ANSWER TO AMENDED COMPLAINT, AND AMENDED COUNTERCLAIMS - 12 OF 16

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

62. Ms. Tarnutzer alleges that as of November 30, 2012, she had a right to possess the money she Loaned to the Warshawers.

63. Ms. Tarnutzer alleges that since November 30, 2012, the Warshawers intentionally and substantially interfered with Ms. Tarnutzer's property and have wrongfully exercised control over the $100,000 that Ms. Tarnutzer lent them by preventing Ms. Tarnutzer from having access to the money she lent the Warshawers the time she was entitled to it and/or refusing to return the money after Ms. Tarnutzer demanded its return.

64. Ms. Tarnutzer's loan to the Warshawers was to be repaid upon the sale of Black Rock. Ms. Tarnutzer is informed and believes and thereon alleges that Black Rock was sold on or about November 30, 2012.

65. Ms. Tarnutzer did not consent to the Warshawers' continued retention of the money she lent them.

66. Ms. Tarnutzer was harmed in an amount according to proof at time of trial.

67. The Warshawers' conduct was a substantial factor in causing Ms. Tarnutzer's harm.

68. In addition, Ms. Tarnutzer has suffered and is seeking mental distress and pain and suffering damages from the Warshawers pursuant to California Welfare and Institutions Code, Section 15657.5.

69. Ms. Tarnutzer is further seeking and alleges she is entitled to an award of her attorneys' fees and costs pursuant to California Welfare and Institutions Code, Section 15657.5 against the Warshawers.

70. Ms. Tarnutzer alleges that the Warshawers' conduct was and is reckless, malicious, callous, willful, intentional, purposeful, oppressive, despicable and deliberately in

ANSWER TO AMENDED COMPLAINT, AND AMENDED COUNTERCLAIMS - 13 OF 16

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

1  disregard of Ms. Tarnutzer's rights, thereby entitling Ms. Tarnutzer to an award of puni-
2  tive damages against the Warshawers pursuant to California law in an amount according
3  to proof.

4  71. In addition, Ms. Tarnutzer alleges that Warshawers' conduct is a violation of
5  California Penal Code, Section 496(a)(c), thereby entitling Ms. Tarnutzer to treble dam-
6  ages, attorneys' fees and costs.

### EIGHTH CAUSE OF ACTION—FOR VIOLATION OF SECURITIES LAWS AGAINST WARSHAWERS

72. Mr. Tarnutzer realleges the above allegations as though fully alleged here.

73. Warshawers offered and sold securities to Mr. Tarnutzer—the founders stock in Black Rock.

74. Warshawers misrepresented material facts to Mr. Tarnutzer in connection with their offer and sale of these securities.

75. Warshawers omitted to disclose and affirmatively concealed material facts to Mr. Tarnutzer in connection with their offer and sale of these securities.

76. These actions and omissions violated the anti-fraud provisions of the Washington State Securities Act, RCW 21.20 *et. seq.*, specifically RCW 21.20.010.

77. Mr. Tarnutzer is entitled to monetary damages of the value of the founders stock, interest thereon at 8% per annum, and attorney's fees and costs, pursuant to RCW 21.20.430.

### NINTH CAUSE OF ACTION—FRAUD

78. Mr. Tarnutzer realleges the above allegations, as though fully alleged here.

79. In and through the below acts, omissions, and misrepresentations, Mr. Warshawer committed fraud. Mr. Warshawer made representations and omissions of existing facts to Mr. Tarnutzer, which include:

ANSWER TO AMENDED COMPLAINT, AND AMENDED COUNTERCLAIMS - 14 OF 16

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

a. Mr. Warshawer failed to disclose Black Rock's internal corporate agreements that require board approval for the issuance of any stock, nor did he disclose the existence of directors other than himself.

b. Mr. Warshawer represented that he was the sole owner of Black Rock and had complete authority to raise money for his business, including granting Mr. Tarnutzer preferred stock on par with his own founder's interest in Black Rock.

c. Mr. Warshawer failed to disclose that he did not intend to bring Mr. Tarnutzer's intent to purchase stock to the board for approval or that he planned to use the lack of board approval as a basis to keep Mr. Tarnutzer's investment. Neither did Mr. Warshawer disclose that he intended to use the $100,000 to purchase more shares in Black Rock for himself.

80. These representations and omissions were material and false. Mr. Warshawer knew that his representations were false when he made them as he never intended to issue stock to Mr. Tarnutzer to ensure that Mr. Tarnutzer's investment was valid, secure and enforceable. Mr. Warshawer intended that his representations be relied upon by Mr. Tarnutzer in making his investment. In 2010, in furtherance of his deception of Mr. Tarnutzer, Mr. Warshawer provided Mr. Tarnutzer with Black Rock financial documents which on their face confirmed Mr. Tarnutzer's investment.

81. Mr. Tarnutzer only learned of Mr. Warshawer's misrepresentations and omissions when Glenn Butler filed his motion for summary judgment and produced documents—between April and May 2015—evidencing the true, but previously unknown facts. Prior to that time, Mr. Tarnutzer did not have knowledge of Mr. Warshawer's misrepresentations and omissions regarding the issuance of Black Rock stock.

82. Mr. Tarnutzer was ignorant of the falsity of Mr. Warshawer's representation and relied upon the truth of his representations. Mr. Tarnutzer had the right to rely on Mr.

ANSWER TO AMENDED COMPLAINT, AND AMENDED COUNTERCLAIMS - 15 OF 16

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

Warshawer's representations, as he was his brother-in-law and the alleged sole owner of Black Rock. Mr. Warshawer omitted to disclose material facts concerning the sale of the Black Rock investment to Mr. Tarnutzer.

83. As a result of Mr. Warshawer's misrepresentations and omissions of material fact, Mr. Tarnutzer made his investment and suffered the loss of his $100,000 and the promised investment return.

84. Mr. Tarnutzer is entitled to damages in the amount of his investment, the amount of the founders/preferred stock interest in Black Rock that Mr. Tarnutzer was promised and lost, and interest.

**PRAYER FOR RELIEF ON ALL CAUSES OF ACTION:**

A. For compensatory damages in amount to be proved at trial;

B. For punitive damages in an amount to be proved at trial;

C. For attorney's fees and costs of suit incurred herein;

D. For prejudgment interest; and

E. For such other and further relief as this Court may deem just and proper.

DATED this 22nd day of July, 2015.

KEATHLEY & KEATHLEY, LLC

By: _____
H. James Keathley, CSBA # 110695
2030 Main Street Suite 1040
Irvine, CA 92614
Attorney for Tarnutzers

THE SULLIVAN LAW FIRM

By: _____
Kevin P. Sullivan, WSBA #: 11987
701 5th Avenue, Suite 4600
Seattle, WA 98104
Attorney for Tarnutzers

ANSWER TO AMENDED COMPLAINT, AND AMENDED COUNTERCLAIMS - 16 OF 16

THE SULLIVAN LAW FIRM
K.SULLIVAN@SULLIVANLAWFIRM.ORG
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
206.903.0504