UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT WARSHAWER and KIM WARSHAWER, a married couple; GLENN BUTLER, Shareholder's Agent or the former shareholders of Black Rock Cable, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> RICK TARNUTZER, an individual; NANCY TARNUTZER, and individual, <br><br> Defendants. | CASE NO. C14-1042 RSM <br><br> ORDER VACATING SANCTIONS IN PART AND PROVIDING NOTICE TO COUNSEL |

## I.  INTRODUCTION

THIS MATTER comes before the Court upon Defendant's Motion to Strike Order and for Evidentiary Hearing.  Dkt. #110.  Defendants' counsel bring this motion arguing that the Court should have provided them with notice and opportunity to be heard prior to *sua sponte* directing sanctions directly against them.  *Id.*  Because the Court agrees that such notice should have been provided, the Court will now VACATE IN PART its prior Order for sanctions and allows Defendants' counsel to respond to the proposed sanctions as discussed below.

## II.  BACKGROUND

In November of 2015, Plaintiffs moved for an order compelling Defendants to produce certain financial documents in discovery.  Dkt. #80.  Defendants opposed the motion, arguing

ORDER
PAGE - 1

in part that the documents were protected by the privacy provision of California's state constitution. Dkt. #82. Defendants also moved to strike a settlement letter between the parties that Plaintiffs had offered as an Exhibit in support of their motion to compel. *Id.* On December 2, 2015, the Court granted Plaintiffs' motion, and directed Defendants to produce the financial documents at issue. Dkt. #86. The Court rejected Defendants' privacy argument, explaining:

> The law cited by Defendants is inapposite. Since the decision in *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), federal courts in diversity cases apply state substantive law and federal procedural law. *Feldman v. Allstate Ins. Co.,* 322 F.3d 660, 666 (9th Cir. 2003). Generally, evidentiary rulings are procedural in nature, unless the state evidence rules at issue are "intimately bound up" with the state's substantive law at issue. *Id*. The discovery questions here are not intimately bound to the substantive law. Therefore, the state law Defendants cite to support their argument does not apply.

Dkt. #86 at 11.

Likewise, the Court denied Defendants' motion to strike:

> As an initial matter, the Court DENIES Defendants' motion to strike Exhibit 3 to the Declaration of Spencer Hall, which is a settlement communication from Defendants' counsel. Dkt. #82 at 8-9. Federal Rule of Evidence does not preclude all use of settlement communications. Rather, it precludes the admission of evidence of settlement negotiations to prove liability. Fed. R. Evid. 408(a). The exhibit offered by Plaintiffs on this motion is not being used to prove liability on any of their claims, and therefore FRE 408 does not preclude it.

Dkt. #86 at 5.

Defendants then moved for reconsideration, arguing that the Court committed manifest error in rejecting their privacy argument and in denying their motion to strike. Dkt. #88. The Court denied the motion, noting that by Local Rule such motions are disfavored and Defendants neither demonstrated manifest legal error nor directed the Court to new facts or legal authority that they could not have presented in their prior response. Dkt. #92 at 2. With respect to the privacy argument, the Court stated that Defendants had not demonstrated

ORDER
PAGE - 2

manifest error. With respect to the motion to strike, the Court again found no demonstration of a manifest error, but also explained that even if the settlement letter had been stricken from the record, the Court's conclusion would have remained the same because a review of the Court's entire Order revealed that the letter was not material to the Court's conclusion that certain records should be compelled. *Id.*

Defendants then filed a Petition for Writ of Mandamus raising the same issues before the Ninth Circuit Court of Appeals. Dkt. #96. At the same time, Defendants sought an Order from this Court staying the enforcement of the Order compelling the production of financial records until the Court of Appeals has decided the Petition. Dkt. #95. This Court denied Defendants' motion for a stay, finding that it was not likely Defendants would succeed on the merits of their Petition and finding their alleged irreparable harm argument unpersuasive. Dkt. #101.

On March 8, 2016, the Ninth Circuit Court of Appeals dismissed the Petition for Writ of Mandamus, finding that "Petitioners have not demonstrated [] this case warrants the intervention of this court by means of the extraordinary remedy of mandamus." Dkt. #104. The Court also dismissed a pending motion to stay this Court's discovery Order as moot. *Id.*

Plaintiffs' then filed a Motion for Modification of Case Schedule and Sanctions. Dkt. #102. Plaintiffs sought *inter alia* "coercive" monetary sanctions against Defendants. On March 23, 2016, the Court granted the motion, but declined to impose coercive sanctions. Dkt. #109. Instead, the Court dismissed Defendants' Counterclaims with prejudice and, although Plaintiffs did not request such a sanction, the Court directed Defendants' attorneys to pay Plaintiff's attorney's fees and costs for their role in violating the Court's prior discovery Order. *Id*. The instant motion followed.

ORDER
PAGE - 3

### III. DISCUSSION

Defendants' counsel now moves this Court for an Order vacating the sanctions imposed directly against them and asks the Court to schedule an evidentiary hearing if it still proposes sanctions. Dkt. #110. Plaintiffs do not oppose the scheduling of an evidentiary hearing, but assert that either Defendants or their counsel should continue to be sanctioned in the form of attorney's fees for their refusal to follow this Court's prior discovery Order. Dkt. #114.

For the reasons below, the Court agrees that Notice should have been provided to Defendants' counsel before making any sanctions final. Accordingly, the Court hereby issues this Order vacating that portion of its prior Order imposing sanctions on defense counsel and providing notice of the legal rule on which sanctions would be based, the form of the potential sanctions, and to notify counsel that they stand accused of willful disobedience of a court order.

The Court has proposed sanctions in the form of Plaintiffs' attorneys' fees associated with the filing of their Motion for Modification of Case Schedule. Dkt. #109. Those sanctions, if imposed, would rest on the Court's inherent authority to impose such sanctions, Federal Rule of Civil Procedure 37, and the Western District of Washington's Local Civil Rule 11(c). As the Court noted in its prior Order, federal courts have inherent power to impose sanctions against attorneys and parties who willfully abuse the judicial process. *See* Dkt. #109 at 5-9; *see also Or. RSA No. 6, Inc. v. Castle Rock Cellular of Or. Ltd*, 76 F.3d 1003, 1007 (9th Cir. 1996); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991).

Under its inherent power and the Rules noted above, this Court may sanction an attorney who willfully disobeys a court order. LCR 11(c); *Chambers*, 501 U.S. at 45-46. However, the Court also recognizes that its inherent powers are limited. Indeed, these powers must be exercised with "restraint and discretion." *Chambers*, 501 U.S. at 42; *Roadway Exp.,*

*Inc. v. Piper*, 447 U.S. 752, 764, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980). This is particularly true in cases where the Court is "accuser, fact finder, and sentencing judge all in one." *In re Peters*, 642 F.3d 381, 384 (2d Cir. 2011).

Further, the Court acknowledges certain due process restraints on its ability to impose sanctions. The Court must notify the party being sanctioned of the legal rule on which sanctions are to be based, the reasons for the sanctions, and the form of the potential sanctions. *Lasar*, 399 F.3d at 1109-10; *Mickle*, 297 F.3d at 126; *Rogal*, 74 F.3d at 44. The Court must conduct a hearing or permit briefing to determine whether sanctions are appropriate. *Lasar*, 399 F.3d at 1109-10; *Or. RSA*, 76 F.3d at 1007-08 (reversing sanctions order because no hearing held); *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (finding that the opportunity to submit briefing can satisfy due process requirements). The Court must also make a specific finding that the attorney or party being sanctioned acted in bad faith or willfully disobeyed a court order. *Chambers*, 501 U.S. at 44; *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 650 (9th Cir. 1997). Sanctions imposed under the Court's inherent power are punitive in nature and so must be proven by clear and convincing evidence. *Shepherd v. Am. Broad. Co., Inc.*, 62 F.3d 1469, 1476-78, 314 U.S. App. D.C. 137 (D.C. Cir. 1995).

In this case the Court is proposing that defense counsel pay Plaintiff's attorney's fees and costs associated with Plaintiff's Motion for Modification of Case Schedule. When making a final determination, the Court will consider: (1) the nature and quality of the conduct at issue; (2) who is responsible for the culpable conduct as between attorney and client; (3) whether there was a pattern of wrongdoing requiring a stiffer sanction; (4) the sanctioned party's ability to pay; (5) whether the opposing party was hindered or prejudiced by the wrongdoer's conduct;

ORDER
PAGE - 5

and (6) any other mitigating or aggravating factors.  *Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 1994).

## IV.  CONCLUSION

Having reviewed Defendants' motion, the partial opposition thereto and reply in support thereof, along with any supporting Declarations and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendants' Motion to Strike Order (Dkt. #110) is GRANTED as discussed above. That portion of the Court's prior Order (Dkt. #109) directing sanctions directly against defense counsel is VACATED and the Court will reconsider directing such sanctions after response from defense counsel.

2. **No later than ten (10) days from the date of this Order**, Defendants shall file a response to the Court's proposed sanctions on defense counsel.  That response shall be filed on the docket as "Objections" to the Court's proposed sanctions.  No reply from Plaintiffs shall be filed.

3. The Court further STRIKES Plaintiff's pending Motion for Attorney's Fees (Dkt. #112), but will REOPEN the motion should the Court decide to impose sanctions after response from defense counsel.

DATED this 15th day of April 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 6